[Civ. No. 5245. Third Appellate District.—November 20, 1934.]

LOUIS P. JOERGER, Petitioner, v. THE SUPERIOR COURT OF SHASTA COUNTY et al., Respondents.

Jesse W. Carter and Dallas L. Barrett for Petitioner.

Louis Ferrari, C. H. White, W. E. Johnson and W. T. Belieu for Respondents.

THOMPSON, J.—This is a motion on the part of the respondents herein to quash an alternative writ of prohibition which was previously issued by this court to restrain the Superior Court of Shasta County from proceeding to try an

ejectment suit which is pending in that court wherein Bank of America National Trust and Savings Association is plaintiff, and Louis P. Joerger and wife and Elmer H. Joerger and wife are defendants, involving the right of possession of certain real property which was formerly sold to the Bank of America on foreclosure of a trust deed. The motion to quash is based upon the insufficiency of the petition for a writ of prohibition to warrant the issuing of the alternative writ.

The only facts necessary for a determination of this motion to quash appear as follows: To secure a loan of $60,446.22, Louis P. Joerger and wife, on May 27, 1925, executed a trust deed on the tract of land in Shasta County which is involved in this controversy, to J. E. Huntoon and S. E. Pope, as trustees for the benefit of Bank of America National Trust and Savings Association. The note representing that secured debt matured in May, 1928. The trust deed was foreclosed and by virtue thereof, the Bank of America National Trust and Savings Association claims to have become the owner and entitled to the possession of the real property which the grantors still continue to hold and occupy. The suit to eject Louis P. Joerger and wife from the property was commenced in February, 1933, in Shasta County. That case was set for trial in March, 1934, but it was continued for trial to September 11, 1934. In the meantime, on August 10, 1934, Louis P. Joerger voluntarily filed his petition in the United States District Court for the Northern District of California to be adjudged a bankrupt. His schedule of assets and liabilities included a claim of title to the land which was sold on foreclosure of the trust deed, on the theory that there was some error in the foreclosure proceedings. On the last-mentioned date, on which the petition in bankruptcy was filed, the United States District Court made an order restraining the superior court from proceeding to try the case in ejectment. Subsequently, on application therefor, all parties being represented by respective counsel, the United States District Court made its order vacating the last-mentioned restraining order and authorizing the Superior Court of Shasta County to proceed with the trial of the ejectment suit. The last-mentioned order reads in part: "It is ordered that the restraining order made herein on the 10th day of August, 1934, . . . is hereby

vacated and set aside, and said Superior Court is hereby authorized to proceed with the trial of said action.''

Thereupon the ejectment suit was again set for trial for September 25, 1934. On September 20, 1934, Louis P. Joerger filed his petition in this court for a writ of prohibition, claiming that he is the owner and entitled to the possession of the real property above referred to; that he had filed a voluntary petition in bankruptcy including that property in his schedule of assets, and praying for a writ of prohibition to restrain the Superior Court of Shasta County from proceeding with the trial of the ejectment suit until the conciliation commissioner of the United States District Court determines and reports upon his petition in bankruptcy. The petition for the writ of prohibition fails to include any reference to the order of the United States District Court authorizing the Superior Court of Shasta County to try the ejectment case. The attention of this court was not called to the existence of that order. Upon the theory that the United States District Court had assumed and was retaining jurisdiction of all proceedings involving the title and right of possession of the real property which is involved herein, this court inadvertently issued an alternative writ of prohibition in this proceeding. October 12, 1934, the respondents herein moved to quash ,that alternative writ and deny the petition for a writ of prohibition on the ground that the petition is without merit and this court is not authorized to issue the writ under the circumstances of this case.

The petitioner contends that this court has no power to recall the alternative writ of prohibition which was issued in this case for the reason that no demurrer to the sufficiency of the petition was filed, and that the alleged defect of the petition may not be raised by a motion to recall and quash the alternative writ.

While it is true that the insufficiency of the allegations of a petition for a writ of prohibition may be raised by demurrer thereto, we are of the opinion this court has statutory authority or even inherent power to recall and ·quash an alternative writ which has been inadvertently issued upon a misapprehension of the facts involved therein. In the present proceedings the defect of pleading complained of by the respondents does not appear in the petition. The fact that the United States District Court first restrained

the Superior Court of Shasta County from proceeding to try the ejectment case, and subsequently vacated and set that order aside and specifically authorized the state court to proceed with the ejectment trial, does not appear in the petition, and this court had no knowledge of those facts when the alternative writ was issued. ■ Section 128 of the Code of Civil Procedure authorizes a court "(8) To amend and control its process and orders so as to make them conformable to law and justice." Section 937 of the same code provides that "An order made out of court, without notice to the adverse party, may be vacated or modified, without notice, by the judge who made it; or may be vacated or modified on notice, *in the manner in which other motions are made.*" The alternative writ was issued in this proceeding on an *ex parte* application of the petitioner without notice to the respondents. This motion to recall and quash the alternative writ was formally made upon notice to the petitioner and in the presence of his counsel. A motion to recall and quash an alternative writ in a special proceeding under circumstances similar to those which exist in the present case is recognized as proper. (50 C. J., p. 705, sec. 127; 21 Standard Ency. of Proc., p. 822, sec. 2H; High's Extraordinary Legal Remedies, 3d ed., p. 487, sec. 521.) In the authority last cited, it is said:

"Since the issuing of an alternative *mandamus* upon an *ex parte* application is not at all conclusive upon the real merits of the controversy or the sufficiency of the application, it follows that the respondent should be allowed an opportunity of testing the sufficiency of the alternative writ, or of the application therefor, before being compelled to make return. Such an opportunity is usually afforded by a motion to quash the alternative *mandamus,* which may be grounded either upon defects in substance or in form. The motion to quash in *mandamus* cases performs the functions of a demurrer to a declaration in an ordinary action at common law, and it is regarded as the appropriate means of testing the sufficiency of the application."

The language of the preceding text is equally applicable to alternative writs of prohibition. The motion to quash the alternative writ served the same purpose under the circumstances of this case that a demurrer would afford.

The filing of petitioner's proceeding in bankruptcy on August 10, 1934, did not oust the Superior Court of Shasta County of jurisdiction to try and determine the rights of the litigants in the possessory action of ejectment which was pending in that court for more than a year prior to the filing of Joerger's petition in bankruptcy. The trust deed to the real property which is involved herein, which deed secured the promissory note representing the debt due from Joerger to the Bank of America National Trust and Savings Association, matured in May, 1928, and was thereafter foreclosed. The trustees conveyed the land to the beneficiary according to the terms of the deed. Thereafter the suit for ejectment was commenced in February, 1933. The voluntary petition of Joerger to be adjudicated a bankrupt was not commenced until more than fourteen months thereafter. The trustee of the bankrupt has never sought to intervene in the ejectment suit. The United States District Court has specifically authorized the Superior Court of Shasta County to proceed with the trial of the ejectment case. There is no conflict of jurisdiction between the federal court and the state court. In the case of *In re Winter,* (Mich.) 17 Fed. (2d) 153, it was held that a suit for the possession of land was not stayed by the subsequent filing of a petition in bankruptcy by the defendant. In that case the bankrupt defaulted in the terms of a written contract to purchase real property. The contract provided for immediate possession by the owner upon default of the vendee and notice thereof by the vendor. This notice of default and demand for possession of the property was given. While that suit was pending the vendee filed his petition in bankruptcy. Judgment for possession of the property was subsequently recovered by the owner of the land. In summary proceedings before the referee in bankruptcy, that officer held that the judgment and proceedings in the possessory action in the state court were void. The District Court reversed that order and held that the state court had jurisdiction to render a valid judgment in that case notwithstanding the adjudication of bankruptcy of the vendee of the land within four months of the time when the action was commenced. The court said in that regard:

"It is, of course, elementary that the custody of the property of a bankrupt which a court of bankruptcy obtains, and

the title to such property which a trustee in bankruptcy acquires, are subject to whatever rights in, and claims against, such property are held by other persons at the time of the filing of the petition in bankruptcy by or against such bankrupt, except in so far as such rights or claims are void or voidable under the express provisions of the Bankruptcy Act. To the extent indicated, the trustee stands in the shoes of the bankrupt with respect to the title of property so involved. .

''It is also settled law that where a court, federal or state, has properly acquired jurisdiction in a suit brought against a person to enforce an adverse claim or lien on, or title to, certain land, and after such court has acquired such jurisdiction in such suit a petition in bankruptcy is filed by or against such person, but such aforementioned suit is not stayed by the bankruptcy court, and no officer thereof seeks to intervene in such suit, a judgment thereafter rendered therein will be recognized by the bankruptcy court as valid and binding.''

It follows that the Superior Court of Shasta County has jurisdiction to try and determine the ejectment suit which is involved in this proceeding, particularly since the United States District Court has affirmatively authorized the state court to proceed. Unless the superior court lacks jurisdiction or proceeds to act in excess of its authority, this court should not interfere with the trial of the ejectment suit.

The alternative writ of prohibition is therefore recalled and quashed, and the petition for a writ of prohibition is denied.

Plummer, J., and Pullen, P. J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 17, 1935.